# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI A. SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-619 |
| v. ) | |
| ) | Hon. Nora Barry Fischer |
| PNC BANK, N.A. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff Lori A. Scott's ("Plaintiff") Motion for Reconsideration and Defendant PNC Bank, N.A.'s ("Defendant") Opposition thereto. (*See* Docket Nos. 17, 19). Plaintiff urges the Court to reconsider its September 24, 2018 Memorandum Opinion and Order which granted Defendant's motion and dismissed Plaintiff's claims against Defendant for conversion, fraud and breach of the covenant of good faith and fair dealing as alleged in the Amended Complaint. (Docket Nos. 9, 11, 15, 16). Defendant opposes the request for reconsideration and advocates that the Court's decision should stand. (Docket No. 19). After careful consideration of the parties' arguments and for the following reasons, Plaintiff's Motion [17] is DENIED.

As the parties are familiar with the facts of this matter, which are fully detailed in the Court's Memorandum Opinion, (Docket No. 15), the Court initially turns to the governing legal standards. To this end, motions for reconsideration "are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp.

1

938, 943 (E.D. Pa. 1995)). "Because of the interest in finality, at least at the district court level ... the parties are not free to relitigate issues the court has already decided," *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)), to express disagreement with the Court's rulings, *see El v. City of Pittsburgh*, Civ. A. No. 15-834, 2017 WL 4310233, at *2 (W.D. Pa. Sept. 28, 2017) (citation omitted), or to raise arguments that a party had the opportunity to present before the Court's decision, *see United States v. Dupree*, 617 F.3d 724, 732–33 (3d Cir. 2010) (quotations omitted). Rather, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In this Court's estimation, Plaintiff has failed to meet her heavy burden to demonstrate that the Court should reconsider its Memorandum Opinion and Order as she has not pointed to any intervening change in the controlling law, new evidence which was not available at the time of the decision, or clear errors of fact or law creating a manifest injustice. Instead, Plaintiff merely expresses her disagreement with the Court's decision and either reasserts arguments that were previously rejected or makes arguments that could have been raised prior to the Court disposing of the matter, none of which support reconsideration. *See Haynos v. Siemens Water Techs. Corp.*,

Civ. A. No. 12-173, 2012 WL 6018819, at *1 (W.D. Pa. Dec. 3, 2012) (citing *E.E.O.C. v. U.S. Steel Corp.*, Civ. A. No. 10–1284, 2012 WL 1150799, at *6–7 (W.D. Pa. Apr. 5, 2012)). Plaintiff lodges several challenges to the Court's dismissal of her claims for failure to state a claim under Rule 12(b)(6), and the Court now briefly explains why reconsideration is denied as to each claim, in turn.

Plaintiff first argues that the Court ignored or omitted her well-pled facts. (Docket No. 17 at 1-2). The Court disagrees. The Court summarized Plaintiff's well-pled factual allegations and considered whether she set forth any plausible claim for relief consistent with *Iqbal*, *Twombly* and controlling Third Circuit authority. Whether the Court set forth the factual allegations in Plaintiff's preferred manner or format is irrelevant. Plaintiff has failed to demonstrate how any facts allegedly ignored or omitted would have saved her claims or show that reconsideration is warranted.

Plaintiff next claims that the Court incorrectly stated and applied conversion law, arguing that the Court improperly relied on *Chrysler Credit Corp. v. Smith*, 643 A.2d 1098 (Pa. Super. Ct. 1994). According to Plaintiff, "the immediate right to possession" element is limited to the facts of *Chrysler Credit*. (Docket No. 17 at 3-4). Contrary to Plaintiff's position, nothing in *Chrysler Credit* indicates that the "immediate right to possession" element applies only in cases against insurers.[1] Plaintiff also incorrectly argues that the Court ignored *Chrysler Credit's* observation that the alternative to having an "immediate right to possession" is having actual or constructive possession of a chattel. *Chrysler Credit*, 643 A.2d at 1100. As the Court explained, "*Plaintiff cannot establish that she had possession of the Policy's proceeds **or** an immediate right to them.*"

---

[1] It is worth noting that Defendant cited *Chrysler Credit* in its initial brief in support of its motion to dismiss. (*See* Docket No. 12 at 5). Therefore, Plaintiff previously could have argued that *Chrysler Credit* is inapplicable, but failed to do so in opposing the motion. *See Dupree*, 617 F.3d at 732 (reconsideration is improper when a party should have raised an argument earlier).

3

(Docket No. 15 at 6-7) (emphasis added). Plaintiff otherwise fails to cite any authority showing that the Court improperly applied Pennsylvania conversion law.[2]

Finally, Plaintiff contends that she properly pled claims for fraud and breach of the implied covenant of good faith and fair dealing. (Docket No. 17 at 6-8). On both counts, Plaintiff reasserts previously rejected arguments, which is not permissible. *See Williams*, 32 F. Supp. 2d at 238 (reconsideration is inappropriate for re-litigating issues that the court already decided). Otherwise, Plaintiff's apparent disagreement with the Court's ruling dismissing these claims is not a proper basis for reconsideration. *See El*, 2017 WL 4310233, at *2 (motion for reconsideration is not a tool to express disagreement with the court's rulings).

In sum, the Court is not persuaded by any of Plaintiff's arguments that it should reconsider its September 24, 2018 Memorandum and Opinion and Order. Accordingly, Plaintiff's Motion for Reconsideration [17] is DENIED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: October 15, 2018

cc/ecf: All counsel of record

---

[2] In addition, there is no merit to Plaintiff's assertion that the Court improperly considered the policy assignment, (*see* Docket No. 17 at 5), the legal effect of which formed the basis of Plaintiff's claims. As the Court explained in its Memorandum Opinion, it may consider an undisputedly authentic document that a defendant attaches as an exhibit to its motion to dismiss if the plaintiff's claims are based on the document. (*See* Docket No. 15 at 6, n.1).